## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | Case No.  **2:22-cr-0047-RDP-JHE** |
| | ) | |
| **ANTUAN CORNELL RIGGS,** | ) | |
| Defendant. | ) | |

### PLEA AGREEMENT

The Government and the defendant, **ANTUAN CORNELL RIGGS**, hereby

acknowledge the following plea agreement in this case:

### PLEA

The defendant agrees to (i) plead guilty to **COUNTS ONE, TWO** and

**THREE** of the Superseding Indictment filed in the above-numbered and captioned

matter; (ii) consent to forfeiture as described in paragraph **XII** below; and (iii) waive

certain rights to direct appeal and collateral attack as outlined in paragraph **IV** of this

agreement.   In exchange, the United States Attorney, acting on behalf of the

Government and through the undersigned Assistant United States Attorney, agrees

to move to dismiss **COUNT FOUR** at the time of sentencing and recommend the

disposition specified below, subject to the conditions in paragraph **VII**.

Defendant's Initials 

# TERMS OF THE AGREEMENT

## I.    MAXIMUM PUNISHMENT

The defendant understands that the maximum statutory punishment that may be imposed for **Possession of a Firearm by a Convicted Felon, in violation of Title 18, United States Code, Section 922(g)(1)**, as charged in **COUNT ONE**, is:

a.    Imprisonment for not more than **10 years**;

b.    A fine of not more than **$250,000**, or,

c.    Both (a and b);

d.    Supervised release of not more than **3 years**; and

e.    A special assessment of **$100**.

*Additionally, the defendant understands that if the Armed Career Criminal Act applies because the defendant has three previous convictions by any court for a violent felony or a serious drug offense, or both, the statutory punishment that may be imposed for Felon in Possession of a Firearm in violation of Title 18, United States Code, Section 922(g)(1), as charged in COUNT ONE, is:*

*a.    Imprisonment for not less than 15 years and not more than Life;*

*b.    A fine of not more than $250,000; or*

*c.    Both (a and b);*

*d.    Supervised release of not more than 5 years. If the defendant violates the conditions of supervised release, the defendant*

Defendant's Initials AR

*could be imprisoned for the entire term of supervised release; and*

e.   *A special assessment of $100.*

*\*The Government is aware of only one prior felony conviction incurred by Defendant, which is a conviction for federal wire fraud as set out in Count One and Count Four in the Superseding Indictment. The Government stipulates that federal wire fraud is not a qualifying prior conviction under the Armed Career Criminal Act, codified at 18 U.S.C. § 924(e).*

The defendant understands that the maximum statutory punishment that may be imposed for **Possession with Intent to Distribute Hydrocodone and Methamphetamine,**[1] in violation of Title 21, United States Code, Section **841(a)(1) and (b)(1)(C)**, as charged in **COUNT TWO**, is:

a.   Imprisonment for not more than **20** years;

b.   A fine of not more than **$1,000,000**, or,

c.   Both (a and b);

---

[1] There are three forms of controlled substances listed in **Count Two**. For purposes of the plea, the defendant will plead to the 21 U.S.C. § 841(a)(1)/(b)(1)(C) violation relating to the hydrocodone and methamphetamine. To the extent necessary, the government will move to dismiss the reference to the violation of 21 U.S.C. § 841(a)(1)/(b)(1)(D) involving marijuana. However, such dismissal will not prevent the government from arguing that the marijuana should be considered relevant conduct. Further, the defendant is free to argue against the use of that substance as relevant conduct.

*Defendant's Initials* ___

    d.      Supervised release of no less than **3** years; and

    e.      A special assessment of **$100**.

*Additionally, the defendant understands that if he/she commits such a violation after a prior felony drug conviction has become final, the maximum statutory punishment that may be imposed for the offense of* **Possession with Intent to Distribute**, *in violation of Title 18, United States Code, Section 841(a)(1) and (b)(1)(C), as charged in COUNT TWO, is:*

    *a.      Imprisonment for not more than 30 years;*

    *b.      A fine of not more than $2,000,000; or*

    *c.      Both (a and b);*

    *d.      Supervised release of at least 6 years. If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release; and*

    *e.      A special assessment of $100.*

The defendant understands that the maximum statutory punishment that may be imposed for **Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime**, **in violation of Title 18, United States Code, Section 924(c)(1)(A), as charged in COUNT THREE, is:**

    a.      Imprisonment for not less than **5 years** and not more than **Life**;

    Defendant's Initials

b. A fine of not more than **$250,000**; or,

c. Both (a and b);

d. Supervised release of not more than **5 years**; and

e. A special assessment of $100.

## II. <u>FACTUAL BASIS FOR PLEA</u>

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

On February 3, 2019, Birmingham Police Officer Ackerman responded to a call about a suspicious vehicle parked behind an abandoned house in the 500 block of 19th Street Southwest. When Ackerman arrived, he observed the activated taillights of a Mercedes SUV and a male in the driver's seat.

With his body camera activated, Ackerman walked up behind the vehicle and knocked on the driver's side rear passenger window. When he did so, he saw the driver toss a small pistol onto the floorboard. Ackerman then drew his weapon and opened the driver's door. As he did so, he immediately smelled marijuana. Before he got the driver, later identified as **ANTUAN CORNELL RIGGS**, out of the vehicle, Ackerman asked him if there were any other firearms in the car. **RIGGS** told him that there was one next to the seat. Ackerman got **RIGGS** out, handcuffed

Defendant's Initials _AR_

him, and asked if he had a pistol permit. **RIGGS** said he did not and claimed the guns were his girlfriend's.

Ackerman checked **RIGGS**'s pants and found cash in several pockets. He asked **RIGGS** how much money he had on him. **RIGGS** responded, saying $6,500. (With his body camera still filming, Ackerman counted the currency at the precinct and turned in $11,877 in cash.) Ackerman asked **RIGGS** if he had any narcotics on his person, and **RIGGS** admitted he had some pills in his front pocket. Ackerman retrieved two and a half pills and later determined they likely were ecstasy (methamphetamine).

After **RIGGS** was secured, Ackerman collected the small pistol he saw **RIGGS** throw. It was a **Diamondback .380 caliber semi-automatic pistol, bearing serial number ZK7850**. He also located a **Glock 9 millimeter semi-automatic pistol, bearing serial number BDDE344**, wedged between the driver's seat and the center console.

Still smelling the odor of marijuana coming from the vehicle, Ackerman searched the backseat area. He found a backpack that had a $100 dollar bill pattern printed on it along with a large dollar symbol on the front that was painted the color of blood with red drops falling off the dollar symbol. Inside the backpack, Ackerman found a large gallon-size shrink-wrapped bag and three smaller quart-size bags, all

Defendant's Initials _AR_

filled with of marijuana, as confirmed in testing done by the Alabama Department of Forensic Sciences ("ADFS"). He also located a scale and a used but empty gallon-size shrink-wrap bag.

On the front passenger seat, Ackerman found a pill bottle that contained a small bag of suspected marijuana and various pills in various quantities. ADFS confirmed that three of the pills were hydrocodone and one of them was methamphetamine. Thirteen other pills were not tested.

When possessed in furtherance of narcotics trafficking or used or carried during and in relation to that crime, firearms facilitate the crime by providing security for both the narcotics products and the proceeds from narcotics sales. That security parallels the personal security extending to narcotics traffickers themselves, emboldening them to engage in the trafficking.

**RIGGS** has at least one prior felony conviction. On September 11, 2018, **RIGGS** was convicted of the offense of Wire Fraud, in the United States District Court for the Northern District of Alabama, in case number 2:18-CR-99-RDP-JEO. **RIGGS** was aware that this conviction was punishable by more than twelve months in prison because he signed a plea agreement and initialed a page therein that disclosed that wire fraud was punishable by up to 20 years in prison.

ATF Special Agent Baker examined the **Diamondback .380 caliber semi-**

Defendant's Initials

automatic pistol, bearing serial number **ZK7850,** and the **Glock 9 millimeter**

**semi-automatic pistol, bearing serial number BDDE344,** and determined that (i)

both pistols qualified as firearms under 18 USC § 921(a)(3) and (ii) both pistols were

manufactured outside Alabama. Thus, the pistols traveled in international or

interstate commerce prior to being seized in Alabama.

**The defendant hereby stipulates that the facts stated above are**

**substantially correct and that the Court can use these facts in calculating the**

**defendant's sentence. The defendant further acknowledges that these facts do**

**not constitute all of the evidence of each and every act that the defendant and/or**

**any co-conspirators may have committed.**

**ANTUAN CORNELL RIGGS**

## III. RECOMMENDED SENTENCE

Subject to the limitations in paragraph **VII** regarding subsequent conduct and

pursuant to Fed. R. Crim. P. 11(c)(1)(B), the Government will recommend the

following disposition:

> (a) That the defendant be awarded a two (2) level reduction in the defendant's adjusted offense level, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. The Government agrees to make a motion pursuant to USSG §3E1.1(b) for an additional one (1) level decrease in recognition

Defendant's Initials

of the defendant's prompt notification to the Government of the intention to enter a plea of guilty. The Government may oppose any adjustment for acceptance of responsibility if the defendant: (1) fails to admit each and every item in the factual stipulation; (2) denies involvement in the offense; (3) gives conflicting statements about the defendant's involvement in the offense; (4) is untruthful with the Court, the Government, or the United States Probation Officer; (5) obstructs or attempts to obstruct justice prior to sentencing; (6) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (7) attempts to withdraw the defendant's plea of guilty for any reason other than those expressly enumerated in the "Waiver of Right to Appeal and Post-Conviction Relief" section of this Plea Agreement;

(b) That the defendant be remanded to the custody of the Bureau of Prisons:

    (i) for the statutory mandatory minimum sentence for **COUNT THREE**, to be run consecutive with the sentences for **COUNTS ONE** and **TWO**; and

    (ii) for sentences within the advisory United States Sentencing Guidelines range as calculated by the Court at the time of sentencing for **COUNTS ONE** and **TWO**, with those two sentences to be run concurrent with each other;

(c) That following the said terms of imprisonment, the defendant be placed on supervised release for a period to be determined by the Court, subject to the Court's standard conditions of supervised release and any special condition(s) determined by the Court to be appropriate;

(d) [Restitution is not owed];

(e) That the defendant be required to pay a fine in accordance with the sentencing guidelines should the Court determine that the defendant has the ability to pay a fine, said amount due and owing as of the date sentence is pronounced, with any

Defendant's Initials AR

outstanding balance to be paid in full by the expiration of the term of supervised release;

(f)     That the defendant be required to comply with the forfeiture provisions set forth in paragraph XII of this agreement; and

(g)     That the defendant pay a special assessment of **$100 per count** of conviction, said amount due and owing as of the date sentence is pronounced.

## IV.   <u>WAIVERS</u>

### A. STATUTE OF LIMITATIONS WAIVER

In consideration of the recommended disposition of this case, I, ANTUAN CORNELL RIGGS, hereby understand, acknowledge, and agree that if this Plea Agreement is set aside for any reason, I will not assert any defense based on any applicable statute of limitations or the Speedy Trial Act, 18 U.S.C. § 3161, <u>et seq.</u> that includes the passage of time from and including the date of this Plea Agreement until and including the date of entry of any order setting this Plea Agreement aside.

### B. RIGHT TO APPEAL AND POST-CONVICTION RELIEF

In consideration of the recommended disposition of this case, I, ANTUAN CORNELL RIGGS, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the Court might impose.  Further, I waive and give up the right to

challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute(s) to which I am pleading guilty is or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute(s).

The defendant reserves the right to contest in an appeal or post-conviction proceeding(s) the following:

(a)    Any sentence imposed in excess of the applicable statutory maximum sentence(s);

(b)    Any sentence imposed in excess of the guideline sentencing range determined by the Court at the time sentence is imposed; and

(c)    Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the Federal Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the Government retains its right to appeal where authorized by statute.

Defendant's Initials _AR_

I, ANTUAN CORNELL RIGGS, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

_____
ANTUAN CORNELL RIGGS

## V.  UNITED STATES SENTENCING GUIDELINES

The defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in United States v. Booker, the federal sentencing guidelines are **advisory** in nature.  Sentencing is in the Court's discretion and is not required to be within the guideline range.  The defendant agrees that, pursuant to this agreement, the Court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and the defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI.  AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the Government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the Government's recommendation.  Further,

Defendant's Initials _AR_

the defendant understands that if the Court does not accept the Government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII. **VOIDING OF AGREEMENT**

The defendant understands that if the defendant (a) violates any federal, state, or local law or any condition of pretrial release after entering into this Plea Agreement, (b) moves the Court to accept a plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), (c) tenders a plea of *nolo contendere* to the charges, (d) violates any other term of this Plea Agreement, and/or (e) does or says anything that is inconsistent with the acceptance of responsibility, the Plea Agreement will become NULL and VOID at the election of the United States, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein. Further, such election will not entitle the defendant to withdraw a previously entered plea.

## VIII. **OTHER DISTRICTS AND JURISDICTIONS**

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

Defendant's Initials

## IX.  <u>COLLECTION OF FINANCIAL OBLIGATION</u>

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to:

- fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party;

- promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs;

- identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past five years, or in which the defendant has or had during that time any financial interest;

- take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant;

- undergo any polygraph examination the Government may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

The defendant further agrees that the above information, as well as any of the defendant's financial statements and disclosures, will be complete, accurate, and truthful.  Finally, the defendant expressly authorizes the United States Attorney's

Defendant's Initials

Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## X.  AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors, which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any and waives objection to the inclusion of that restitution in any order issued by the Court.

Defendant's Initials

## XI. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to the defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

## XII. FORFEITURE

The defendant agrees to consent to the entry of a final forfeiture judgment against the defendant, pursuant to Fed. R. Crim. P. 32.2(b)(1), of all firearms and ammunition involved in or used in the commission of the offense(s) in **COUNTS ONE through FOUR** of the Indictment, including: **a Diamondback .380 caliber semi-automatic pistol, bearing serial number ZK7850, and a Glock 9 millimeter semi-automatic pistol, bearing serial number BDDE344**, and any accompanying magazines and ammunition. For purposes of entering said order of forfeiture, the defendant acknowledges that a nexus exists between said firearm(s) and the criminal offense(s) to which the defendant is pleading guilty.

The defendant agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the Government, and to testify truthfully in any judicial forfeiture proceeding. The defendant hereby waives the requirements of

Defendant's Initials

Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the Indictment, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant also waives the requirements of Federal Rule of Criminal Procedure 43(a) with respect to the imposition of any forfeiture sanction carried out in accordance with this Plea Agreement. The defendant acknowledges that the defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the defendant's guilty plea is accepted.

The defendant further waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including any Double Jeopardy challenges that the defendant may have to the entry of a Forfeiture Order before sentencing, and any claims, defenses or challenges arising under the Excessive Fines Clause of the Eighth Amendment resulting from the forfeiture imposed as a result of this Indictment and/or any pending or completed administrative or civil forfeiture actions based upon the course of conduct that provides the factual basis for the forfeiture.

Defendant's Initials

## Non-Abatement of Criminal Forfeiture

The defendant agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon the defendant's heirs, successors, and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full. To the extent that forfeiture pursuant to this agreement requires the defendant to disgorge wrongfully obtained criminal proceeds for the benefit of the defendant's victims, the defendant agrees that the forfeiture is primarily remedial in nature.

## XIII. IMMIGRATION STATUS

The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. The defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States if the defendant is not a citizen of the United States. Removal and other immigration consequences are

Defendant's Initials

the subject of a separate proceeding, however; and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Understanding all of this, the defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that plea may entail, even if the consequence is automatic removal from the United States.

## XIV. **DEFENDANT'S ACKNOWLEDGEMENT**

I have read and understand the provisions of this Plea Agreement consisting of **21** pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence on my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO PROMISES OR REPRESENTATIONS OTHER THAN THOSE IN THE AGREEMENT HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

Defendant's Initials

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:

_____

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Plea Agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this Plea Agreement, both individually and as a total binding agreement.

_7-20-22_____                    _____
DATE                                 **ANTUAN CORNELL RIGGS**
                                     Defendant

## XV.   COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this Plea Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of

this case and are in accord with my best judgment. I concur in the entry of the Plea Agreement on the terms and conditions set forth herein.

7/20/22
DATE

**DANIEL J. FORTUNE**
Defendant's Counsel

## XVI. <u>GOVERNMENT'S ACKNOWLEDGMENT</u>

I have reviewed this matter and this Plea Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

PRIM F. ESCALONA
United States Attorney

07/22/2022
DATE

**ALAN BATY**
Assistant United States Attorney

Defendant's Initials