UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,        } | |
| } | |
| } | |
| v.                                                    } | |
| }                                                      | Case No. 2:22-CR-47-RDP |
| ANTUAN CORNELL RIGGS,          } | |
| } | |
| Defendant.                              } | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Defendant Antuan Cornell Riggs's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) as Amended by the First Step Act of 2018. (Doc. 48). The Motion has been fully briefed (Doc. 50), and is ripe for decision.

**I.      Background**

Riggs has a significant criminal history. In 2015, he was involved in submitting fraudulent credit card applications. (Doc. 42, ¶ 47). In July 2016, the State of Alabama charged Riggs with the attempted murder of two Jefferson County Sheriff's deputies serving a narcotics search warrant; one officer was seriously injured. (Doc. 42, ¶¶ 53-54). On July 14, 2016, Riggs posted bond in state court on the two attempted murder charges. Those charges are still pending. On September 11, 2018, Riggs pled guilty to wire fraud relating to the credit card applications. (Doc. 42, ¶ 47). While on probation for the wire fraud conviction and on bond for the attempted murder charges, Riggs committed additional crimes which are at issue in this case.

On February 3, 2019, a Birmingham police officer found Riggs in possession of two pistols, several controlled substances in the form of pills, scales, multiple Zip-lock bags filled with marijuana, and $11,877 in cash. (Doc. 42, ¶¶ 12-18). On March 4, 2019, the court revoked Riggs's

probation in the wire fraud case and imposed a sentence of one year and one day. (*See* Case No. 2:18-cr-00099-RDP-JHE, Doc. 25). Riggs served that sentence and was released to serve 36 months on supervised release. On February 1, 2022, while on supervised release for state charges arising from his February 3, 2019 arrest, and while still on bond for the attempted murder charges, Riggs drove away from a nighttime traffic stop by a Pleasant Grove police officer who observed a firearm bulging from Riggs's pocket. A brief chase ensued through a neighborhood. Riggs evaded police and abandoned the vehicle. Officers found the pistol in the vehicle's console. The pistol previously had been reported stolen. (Doc. 42, ¶¶ 19-22).

Riggs pled guilty and on October 27, 2022, was sentenced to a total of 108 months in prison. He was sentenced to 48 months on a felon in possession of a firearm charge and a controlled substance charge, each to be served concurrently. The court also imposed an additional consecutive 60-month sentence on use of and carrying a firearm during and in relation to a drug trafficking crime charge. (Doc. 43, pg. 1).

On April 21, 2023, approximately seven months after being sentenced in this case, Riggs filed the current Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A). (Doc. 48). Defendant argues that (1) he has serious medical issues, (2) his family members have serious medical conditions that have worsened, (3) he had to endure extremely harsh conditions while in pretrial custody, and (4) his medical issues put him at high risk if he were to ever contract COVID-19. (Doc. 48, pgs. 2-3).

The Government has responded, asserting that Riggs does not meet statutory criteria for relief because he cannot show that (1) the reduction would not endanger any person or the community, (2) extraordinary and compelling reasons exist for his release, or (3) the statutory sentencing factors in 18 U.S.C. § 3553(a) weigh in favor of early release. (Doc. 50).

**II.     Applicable Law**

"A district court has no inherent authority to modify a defendant's sentence, and it may do so only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605-606 (11th Cir. 2015). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the Frist Step Act of 2018, is an exception to this limitation. It allows the sentencing judge to reduce a sentence based on "extraordinary and compelling reasons" after the defendant has requested the BOP to bring such a motion on his behalf and exhausted all administrative rights to appeal the BOP's denial of that request. 18 U.S.C. § 3582(c)(1)(A)(i). Riggs has exhausted his administrative prerequisites to the filing of this Motion. (Doc. 48, pg. 7). "A district court may reduce a term of imprisonment if: (1) the § 3553(a) factors favor doing so, (2) there are extraordinary and compelling reasons for doing so, and (3) the reduction would not endanger any person or the community." *United States v. Tinker*, 14 F. 4th 1234, 1237 (11th Cir. 2021). "All these conditions are necessary, so if the court finds against the defendant on one of them, it cannot grant a sentence reduction." *Id.* at 1238.

In *United States v. Bryant*, 996 F.3d 1243, 1252-52 (11th Cir. 2021), the Eleventh Circuit held that the policy statement in U.S.S.G. § 1B1.13 is binding on the district court. "Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." *Bryant*, 996 F.3d at 1262. Section 1B1.13 lists four reasons that are extraordinary and compelling: "(i) a 'terminal illness'; (ii) a 'permanent physical or medical condition' or 'deteriorating physical or mental health because of the aging process,' which 'substantially diminishes the ability of the defendant to provide self-care' in prison; (iii) 'death or incapacitation of the defendant's only family member capable of caring for' a minor child; and (iv) '[a]s determined by the Director of the Bureau of Prisons (BOP),…and extraordinary and

compelling reason other than, or in combination with, the reasons described in subdivisions (i), (ii), (iii).'" *Id.* at 1249.

## III. Analysis

After careful review, the court concludes that Riggs's Motion is due to be denied for the following reasons.

### A. Defendant presents a danger to the community.

Riggs cites *United States v. Bryant* and argues that if a defendant is not found to be dangerous, the court must consider whether the § 3553(a) sentencing factors weigh in favor of release. (Doc. 48, pg. 4 (citing *United States v. Bryant*, 996 F.3d at 1254)). But, in this case, the court need not assess the § 3553(a) factors because Riggs's criminal record contains overwhelming evidence that he is a danger to the community. Riggs's possession of two pistols and controlled substances in February 2019, and his being the subject of a police chase while on bond in February 2022, all establish that he is dangerous and has displayed a lack of respect for the law.

### B. Defendant's grounds for release are not extraordinary and compelling.

Even if Riggs were not a danger to the community, he has not argued that he falls under any of the four categories that are extraordinary and compelling reasons for release under Section 1B1.13. Rather, he argues that extraordinary and compelling circumstances exist because of (1) his serious medical conditions, which Riggs fails to specify, (2) COVID-19 risks, (3) harsh pretrial custody, and (4) his family member's serious medical conditions. (Doc. 48, pgs. 2-3).

#### 1. Serious Medical Conditions

Riggs references his serious medical problems, but these conditions were raised at his sentencing hearing and in his motion. The court imposed his current sentence fully aware of those reported medical problems. (Doc. 48, pgs. 5, 8). Riggs also contends that his alleged "serious"

medical conditions are not being treated. (Doc. 48, pg. 2). The record does not support that assertion. According to Riggs's May 11, 2023, BOP clinical encounter notes medical professionals are treating his type 2 diabetes and his hypertension conditions. (Doc. 53, pg. 1). Riggs refused the recommended insulin injections to keep his diabetes under control and instead elected to continue with oral medication. *Id.* His hypertension is under control with blood pressure at 110/75 at his last clinic visit on May 11, 2023. *Id.* He has been diagnosed with asthma but takes albuterol once or twice a week and has been diagnosed with depression which is much improved while taking mirtazapine. (Doc. 53, pg. 2). Riggs has not established that his medical condition interferes with his ability to care for himself in prison.

  **2.**  **COVID-19 risks**

Riggs further argues that he is at high risk of serious medical complications if he contracts COVID-19, and that "harsh conditions" exist for him because of the pandemic. (Doc. 48, pg. 8). While Riggs may be at high-risk for contracting COVID-19, he refused the COVID-19 vaccine on December 15, 2022 when he was transitioned to BOP custody. (Doc. 53, pg. 2). Further, both Congress and the President have declared that the pandemic is no longer a national emergency, and as of May 11, 2023, there was only one inmate and no staff infected with the disease where Riggs is housed; making Riggs's risk of contracting COVID-19 extremely low. *Id.*

  **3.**  **Harsh pretrial custody conditions**

In evaluating a compassionate release request, the court looks to 18 U.S.C. § 3582(c)(1)(A) and 18 U.S.C. § 3553(a) factors, along with the dangerousness of a defendant under to U.S.S.G. § 1B1.13. Pretrial custody conditions are not mentioned as a factor in any of these statutory or guideline provisions; therefore, Riggs's pretrial custody conditions are not relevant in evaluating his request for compassionate release.

    **4.**     **Family member's serious medical conditions**

The medical condition of a prisoner's parents is also not a factor that may be considered in reducing a sentence. The current U.S.S.G. § 1B1.13 note 1(C) only designates poor health of a minor child, spouse, or registered partner as an extraordinary and compelling reason for reduction of sentence. Further, the Eleventh Circuit has held that district courts do not have the authority "to develop 'other reasons' that might justify a reduction in a defendant's sentence." *United States v. Bryant*, 996 F.3d at 1248. Riggs argues that there are proposed amendments that would expand the family circumstances in § 1B1.13 to include other members of the immediate family, but these amendments have not yet been adopted and are thus not yet effective.[1]

**IV.**     **Conclusion**

Because Riggs is a danger to the community and does not argue that any of the four reasons that are deemed extraordinary and compelling for release under Section 1B1.13 apply here, his Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A) (Doc. 48) is **DENIED**.

    **DONE** and **ORDERED** this June 15, 2023.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[1] The Government objects to use of recommended but unadopted changes to sentencing guidelines.